UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TERRYON TRIPLETT, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-1307 |
| ) | |
| RICHARD HEBERER *et al.*, ) | |
|    Defendants. ) | |

ORDER

Before the Court is a Motion for Summary Judgment (Doc. 42) filed by Defendants Richard Heberer and John Weltmeyer. Plaintiff Terryon Triplett has filed a response (Doc. 53), and Defendants have replied (Doc. 54). Plaintiff has filed a Motion for Leave to File a Surreply (Doc. 55).

I.   **Background**

On August 18, 2023, Plaintiff filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, alleging constitutional violations at Pontiac Correctional Center ("Pontiac"). Therein, Plaintiff explained that his sincerely held Muslim beliefs compelled him to adhere to a halal diet. After arriving at Pontiac on September 21, 2021, Defendants informed him that halal diets would be forthcoming but denied his alternative request for a kosher diet. Following screening, the Court determined Plaintiff stated claims under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 8 at 3.)

In April 2024, Defendants filed a Partial Summary Judgment Motion (Doc. 19) regarding exhaustion of administrative remedies. In considering Defendants' affirmative defense, the parties conceded that on March 17, 2023, Plaintiff submitted an emergency grievance regarding the claims alleged in his suit. (Doc. 26 at 4.) Defendants sought to narrow the timeframe of Plaintiff's allegations, which spanned from September 21, 2021, to August 18, 2023, when Plaintiff filed his Complaint. In this regard, Defendants contend that the period should have begun on January 16, 2023, sixty days before Plaintiff filed his March 17, 2023, grievance. (*Id.* at 7.) The Court granted Defendants' dispositive motion, limiting Plaintiff's alleged constitutional violations to the period between January 16 and August 18, 2023. (*Id.*)

## II.   Plaintiff's Surreply

Central District of Illinois Local Rule 7.1(B)(3) instructs that "[a] reply to the response is only permitted with leave of Court. The motion for leave must be filed within [seven] days after service of the response and include the proposed reply as an exhibit." Civil LR 7.1(B)(3). Plaintiff seeks to file a surreply to correct what he characterizes as Defendants' mischaracterization of his use of background evidence as an attempt to relitigate time-barred claims. After reviewing the parties' briefs, the Court concludes that no further briefing is required to ascertain the relevance of the presented evidence in support of and in opposition to Defendants' dispositive motion. Accordingly, Plaintiff's Motion for Leave to File a Surreply (Doc. 55) is denied.

### III. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "If the moving party has properly supported his motion, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

"When opposing a properly supported motion for summary judgment, the nonmoving party must 'cit[e] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence … of a genuine dispute.'" *Melton v. Tippeconoe County*, 838 F.3d 814, 818 (7th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)). All facts must be construed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A scintilla of evidence supporting the nonmovant's position is insufficient to defeat a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.* at 252.

IV.	**Material Facts**

Plaintiff's response to Defendants' dispositive motion outlines additional facts and attempts to dispute Defendants' material facts by referencing events that occurred outside the earlier-mentioned timeline the Court established when ruling on Defendants' affirmative defense regarding exhaustion. (Pl. Res., Doc. 53 at 2-9; MSJ, Doc. 26 at 7:2.) However, the effect of Plaintiff's failure to exhaust his administrative remedies on events that occurred before January 16, 2023, is that they are forfeited. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (concluding that if an inmate fails to follow the grievance procedures, his claims will not be exhausted but instead, forfeited). Therefore, the following summation is based on the parties' properly supported briefs and the Court's review of the provided record.

As earlier noted, the constitutional violations Plaintiff alleges occurred at Pontiac from January 16 to August 18, 2023. During that time, Defendants Heberer and John Weltmeyer served as Chaplains at Pontiac. (Pl. Compl., Doc. 1 at 2.)

Plaintiff is a devout Muslim whose religious beliefs compel him to adhere to a halal diet. Plaintiff is a devout Muslim, and the tenets of his faith require consumption of a halal diet. (Pl. Dep., Doc. 42-1 at 11:19-22.) On January 5, 2023, Plaintiff requested a halal diet and a religious meal for Ramadan. (Pl. Dep., Doc. 42-1 at 16:25-18:9; Pl. Rec., Doc. 42-2 at 299.) Defendant Heberer approved the request on January 9, 2023. (Pl. Dep., Doc. 42-1 at 175-6; Pl. Rec., Doc. 42-2 at 299.)

Illinois Department of Corrections ("IDOC") Administrative Directive 04.25.102 outlines the responsibility after approval of an inmate's religious diet request, as follows:

> "(1) Explain the conditions under which the religious diet has been approved. . . .
>
> (2) Forward the signed DOC 0388 to the Food Services Manager who shall ensure the religious diet is provided on the start date indicated.
>
> (3) update O360 to reflect the religious diet type and start date."

(Admin. Dir. 04.25.102, Doc. 42-5 at 3.) On January 10, 2023, Defendant Heberer forwarded the approved religious diet request to the dietary service at Pontiac and to Plaintiff. (Counsel Sum., Doc 42-6 at 8.)

On February 1, 2023, Plaintiff requested a halal diet. (Pl. Dep., Doc. 42-1 at 15:19-16:13; Pl. Rec., Doc. 42-2 at 5.) Defendant Heberer approved Plaintiff's request on February 2, 2023. (*Id.*; Pl. Rec., Doc. 42-2 at 7.) Despite Heberer's approval, Plaintiff did not receive a halal diet. (Pl. Griev., Doc. 42-3 at 2.)

Plaintiff submitted a grievance dated March 17, 2023, regarding his religious dietary requirements. (*Id.* at 3-5.) A grievance officer documented that a grievance counselor spoke with Defendant Weltmeyer, who confirmed Plaintiff was approved for a halal diet but that the IDOC "does not support halal diets at this time." (*Id.* at 2.) Weltmeyer added that "[i]f [Plaintiff] qualifies for a kosher diet[,] he can fill out the paperwork to request to be placed on a kosher diet until the halal diets are figured out." (*Id.*) Weltmeyer stated his intent to approve Plaintiff's request for a kosher diet if qualified. (*Id.*) The counselor noted Defendant Heberer was no longer employed at Pontiac at that time. (*Id.*)

On June 5, 2023, Plaintiff requested a kosher diet that Defendant Weltmeyer approved on June 8, 2023. (Pl. Dep., Doc. 42-1 at 18:10-19:16; Pl. Rec., Doc. 42-2 at 1.) Plaintiff was transferred from Pontiac on July 12, 2023.

V.   **Analysis**

"The Free Exercise Clause prohibits the state from imposing a 'substantial burden' on a 'central religious belief or practice.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *Kaufman v. McCaughtry*, 419 F.3d 678, 682–83 (7th Cir. 2005)). To prevail on a First Amendment Free Exercise Clause claim, a plaintiff must "submit evidence from which a jury could reasonably find that the defendants personally and unjustifiably placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). "A substantial burden '[p]uts substantial pressure on an adherent to modify his behavior and violate his beliefs." *Id.* (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717-18 (1981)).

When a *pro se* litigant asserts a claim under the Free Exercise Clause, the district court should interpret that constitutional claim to include a statutory claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1004 (7th Cir. 2019). RLUIPA prohibits governmental imposition of a "substantial burden on the religious exercise" of a litigant, even if the burden results from a rule of general applicability, unless it "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). The United States Supreme Court has defined "substantial burden" under RLUIPA as something "'that seriously violates

[one's] religious beliefs.'" *Holt v. Hobbs*, 574 U.S. 352, 361 (2015) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 720 (2014)).

Defendants Heberer and Weltmeyer contend they are entitled to summary judgment because the record does not show they were personally involved in depriving Plaintiff of his rights under the Free Exercise Clause of the First Amendment or RLUIPA. "For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). "The personal-involvement requirement is satisfied if the constitutional violation occurs at a defendant's direction or with her knowledge or consent." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

Contrary to Plaintiff's assertion, Defendants Heberer and Weltmeyer did not deny Plaintiff's request for a halal diet. The record establishes that Heberer approved Plaintiff's requests for a halal diet. In responding to Plaintiff's March 2023 grievance, Weltmeyer confirmed that although Plaintiff had been approved for a halal diet, IDOC had yet to offer that diet at Pontiac. Even if Heberer and Weltmeyer were aware of Plaintiff's plight regarding access to a halal diet, they would not be subjected to liability. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (concluding that liability does not extend to "everyone who knows about a prisoner's problems"); *see also Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) ("[D]efendants cannot be thought to be reckless if the remedial step was not within their power."); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.").

The record also shows that Defendant Weltmeyer expeditiously approved Plaintiff's subsequent request for a kosher diet and that Defendant Heberer did not deny Plaintiff a kosher diet. In other words, Plaintiff fails to produce specific facts that establish or permit the reasonable inference that Heberer and Weltmeyer personally and unjustifiably placed a substantial burden on his religious practices. Accordingly, Defendants' Motion for Summary Judgment (Doc. 42) is granted.

**IT IS THEREFORE ORDERED:**

1) **The Motion for Summary Judgment (Doc. 42) filed by Defendants Richard Heberer and John Weltmeyer is GRANTED. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendants and against Plaintiff.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues the Plaintiff will present in his appeal to assist the Court in deciding whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be allowed to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED September 25, 2025.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE